United States District Court
Southern District of Texas
ENTERED
August 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| LIGHTHOUSE TRANSPORTATION SERVICES, LLC AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON (CERT. IRPI-GL-21-561), | § | |
| Plaintiff. | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00174 |
| SILVER FROG FREIGHT LOGISTICS, LLC, | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before me is a motion for default judgment filed by Plaintiff Lighthouse Transportation Services, LLC against Defendant Silver Frog Freight Logistics, LLC. *See* Dkt. 31. For the reasons explained below, the motion should be denied and this case dismissed without prejudice for want of jurisdiction.

I must follow a three-part test to determine whether to enter a default judgment. *See United Cmty. Bank, Inc. v. Loven Bf, Inc.*, No. 3:20-cv-00076, 2020 WL 5045310, at *1 (S.D. Tex. July 22, 2020). The test requires me to: (1) "consider whether the entry of a default judgment is procedurally warranted"; (2) "assess the substantive merits of [Lighthouse]'s claims to determine whether there is a sufficient basis in the pleadings for the judgment"; and (3) "determine what relief, if any, [Lighthouse] should receive." *Id.* Here, Lighthouse fails as to the first and second steps because its sole claim—to enforce a foreign judgment—is not procedurally warranted and there is not a basis in the pleadings to register a foreign judgment.

Lighthouse instituted this proceeding "pursuant to 28 U.S.C. § 1963 to file its Petition to Register a Foreign Default Judgment entered by the United States District Court for the Eastern District of Kentucky." Dkt. 1-2 at 1 (citing *Lighthouse*

*Transp. Servs., LLC v. Silver Frog Freight Logistics, LLC*, No. 2:24-cv-125 (E.D. Ky. Jan. 7, 2025)); *see also* Dkt. 1-3. Section 1963 provides, in relevant part:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . ***when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown***.

28 U.S.C. § 1963 (emphasis added). "By the plain language of [§ 1963], registration may only occur where a judgment or order is final for purposes of appeal." *F.D.I.C. v. McFarland*, 243 F.3d 876, 892 (5th Cir. 2001). "[A] judgment is not final until both liability and damages are determined." *Meadowbriar Home for Child., Inc. v. Gunn*, 81 F.3d 521, 528 (5th Cir. 1996).

The Kentucky district court entered default judgment only "on the issue of liability," reserving "the issue of damages" for a later time. Dkt. 1-3 at 1. The Kentucky district court has not entered an order for good cause allowing Lighthouse to register its judgment in this court. Because "the judgment in the [Eastern District of Kentucky] case has not become final by appeal," and because Lighthouse "has provided this court with no order from the [Eastern District of Kentucky] permitting registration of the judgment for good cause shown . . . , this court finds that registration of the judgment in this court is not appropriate at this time." *Hallmark Cards, Inc. v. Gainey Transp. Servs., Inc.*, No. CIV.A. 05-222-CM, 2006 WL 2570278, at *1 (D. Kan. Jan. 26, 2006); *see also Blixseth v. Glasser*, No. 2:13-cv-01434, 2013 WL 6632643, at *4 (D. Nev. Dec. 16, 2013) (holding that the court lacked jurisdiction over a matter to register a foreign judgment that was pending appeal and that had not been certified for registration by the issuing court).

## CONCLUSION

For the reasons discussed above, I recommend that Lighthouse's motion for default judgment (Dkt. 31) be denied and this case dismissed without prejudice for want of jurisdiction.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 28th day of August 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE